IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10154
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED PETER HARMS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3-96-CR-280-R

_____

January 7, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The appellant, Alfred Peter Harms, appeals his sentence for conspiracy to export and divert goods to Iran from the United States. He argues that his guilty plea was not knowing and voluntary, that the government breached the plea agreement, and that the district court erred: 1) in refusing to give him a 3-point adjustment for failing to complete the offense pursuant to U.S. Sentencing Guideline § 2X1.1(b)(2); and 2) in imposing a four-level upward adjustment for a leadership role in the offense.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harms has waived his right to appeal his sentence on the grounds raised with the exception of his claim that the government breached his plea agreement. See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

Harms's plea agreement informed him that he was waiving the right to appeal his sentence on any ground. We may review Harms's claim that the government breached his plea agreement because Harms challenges the government's conduct under the plea agreement, not directly attacking his sentence. Harms argues that since the government agreed not to contest a three-level adjustment of his sentence, it violated the plea agreement when, by filing no objections, it adopted the Presentence Report ("PSR"), which indicated that such an adjustment was inapplicable. Because there is no indication that the government intended to contest Harms's adjustment by adopting the PSR, it did not breach Harms's plea agreement. See United States v. Wilder, 15 F.3d 1292, 1301 (5th Cir. 1994).

A F F I R M E D.